IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES FELTS,<br>    Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | No. 3:16-CV-1653-M (BF) |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff James Felts ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying his claims for a period of disability and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that he is disabled due to a variety of ailments including a stroke, epilepsy, knee replacements, high blood pressure, high cholesterol, sleep apnea, and back pain. Tr. 41, ECF No. 9-4. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on November 12, 2014 in Dallas, Texas before ALJ Donald R. Davis (the "ALJ"). Tr. 30, ECF No. 9-3. At the time of the hearing, Plaintiff was 62 years old. Tr. 31, ECF No. 9-3. Plaintiff has a high school education. Tr. 31, ECF No. 9-3. Plaintiff has past work experience as a mail clerk. Tr. 37, ECF No. 9-3. Plaintiff has not engaged in substantial gainful activity since July 31, 2012. Tr. 12, ECF No. 9-3.

The ALJ issued his decision on March 6, 2015 finding that Plaintiff has not been under a

disability as defined in the Social Security Act from July 31, 2012 through the date of his decision. Tr. 22, ECF No. 9-3. The ALJ determined that Plaintiff had the following severe impairments: hypertension, history of stroke, motor seizures, and sleep apnea. Tr. 12, ECF No. 9-3. The ALJ determined that Plaintiff's depressive disorder and visual defects did not interfere with his ability to work and were therefore non-severe impairments. Tr. 12, ECF No. 9-3. Furthermore, the ALJ determined that Plaintiff's allegation of chronic pain did not meet the definition of a medically determinable impairment. Tr. 12, ECF No. 9-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). Tr. 14-15, ECF No. 9-3.

The ALJ determined that Plaintiff's residual functional capacity ("RFC") permitted Plaintiff to: (1) lift and carry up to 50 pounds occasionally and 25 pounds frequently; (2) stand and/or walk up to 6 hours in an 8 hour day; (3) sit up to 6 hours in an 8 hour day; (4) push and pull without limitations; and (5) have unlimited gross and fine manipulation. Tr. 15, ECF No. 9-3. The ALJ also determined that Plaintiff must avoid working frequently around hazards and machinery, due to the possibility of a seizure. Tr. 15, ECF No. 9-3. The ALJ further noted that the state agency medical consultant assigned no visual restrictions in Exhibit 3A/7. Tr. 15, ECF No. 9-3. The ALJ concluded that Plaintiff could perform his past relevant work as a mail clerk, because this work does not require the performance of work-related activities that are precluded by Plaintiff's RFC. Tr. 22, ECF No. 9-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on March 6, 2015, the Appeals Council denied Plaintiff's request. Tr. 7, ECF No. 9-3. Plaintiff subsequently filed this action in the District Court on June 20, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v.*

*Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error by failing to properly develop the record. Pl.'s Br. 2, ECF No. 12. Plaintiff points out that the ALJ indicated several times in his decision that consultative examinations should be obtained, but then vaguely stated that he was told that such examinations were not available. Pl.'s Br. 3, ECF No. 12. Plaintiff points out the following portions of the ALJ's decision:

> A pain center is able to provide a comprehensive evaluation of the physical, emotional and sociological aspects of chronic pain problems in order to identify a proper medical determinable impairment. However, I am informed that such an examination is not available in this locale.
>
> A consultative examination by a physical therapist under the provisions of POMS DI 22510.007(D)(4) would likely clarify the full extent of the claimant's physical restrictions, but I have been informed that this type of CE is not currently available and thus it would be futile to request one.
>
> I have in the past requested a Work Evaluation under POMS DI 22515.010, in order to identify any restrictions that may have been overlooked in the vocational assessment process, such as a need for task reminders from supervisors or additional breaks. By this means, rhetorical restrictions are given life [or not]. However, I have been informed that this type of evaluation is not currently available.

Pl.'s Br. 3, ECF No. 12; Tr. 13, 19, & 21-22, ECF No. 9-3. Plaintiff argues that there is no basis in

the record as to why these consultative examinations were not available. Pl.'s Br. 3, ECF No. 12. Plaintiff further argues that the ALJ's statements that additional consultative examinations were necessary were inherent indications that the record was not sufficiently developed for the ALJ to render a decision. Pl.'s Br. 3, ECF No. 12 (citing 20 C.F.R. §§ 404.1517, 404.1519a(b)).

The Commissioner argues in her response that, while the ALJ indicated that additional physical assessments would have been useful, he never characterized them as being necessary. Def.'s Br. 4, ECF No. 15 (citing Tr. 13, 19, & 21-22, ECF No. 9-3). The Commissioner points out that the ALJ also stated in his decision that "it is not necessary or feasible to order additional consultative examinations and procure medical expert testimony in every case where the claimant quarrels with a medical opinion as to the etiology of the symptoms." Def.'s Br. 4, ECF No. 15 (quoting Tr. 19, ECF No. 9-3). The Commissioner argues that the ALJ has the discretion to order a consultative examination, and because the record contained enough evidence for the ALJ to decide that Plaintiff's impairments were not disabling, no additional examinations were necessary. Def.'s Br. 4, ECF No. 15. In the reply, Plaintiff argues that the Commissioner's position makes no logical sense, because the ALJ would not discuss the unavailability of consultative examinations that he believed were not necessary. Reply 1, ECF No. 16. Plaintiff further argues that it is impossible to read the ALJ's decision without reaching the conclusion that he believed that certain consultative examinations were necessary, but the Commissioner supposedly would not allow him to obtain these examinations. Reply 1-2, ECF No. 16. Plaintiff argues that it is telling that the Commissioner conspicuously avoided addressing the ALJ's bizarre claims. Reply 2-3, ECF No. 16.

"The Fifth Circuit [] imposes a duty on an ALJ 'to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000)

(quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). "If the ALJ does not satisfy his duty, his decision is not substantially justified." *Ripley*, 67 F.3d at 557. As Plaintiff argues, the ALJ's discussion of the consultative examinations implies that he found them to be necessary and that he would have ordered them if he was able to do so. Tr. 13, 19, 21-22, ECF No. 9-3. While the specific reason as to why the consultative examinations were unavailable remains unknown, it appears that the ALJ believed that the additional information was necessary to fully develop the record. Based on the foregoing, the undersigned is not able to conclude that the final decision of the Commissioner is supported by substantial evidence. *See Newton*, 209 F.3d at 458 ("The ALJ was faced with what she deemed an incomplete medical history. The ALJ, without obtaining the supplemental information, made medical determinations as to [the] claimant's abilities to do specific jobs. . . . At best, the record was incomplete, and [Plaintiff's treating physician] could have provided clarification or supplementation, if requested. This case is reversed and remanded for further consideration consistent with this decision."). Because the undersigned concludes that remand is required for the reasons discussed, the undersigned pretermits consideration of Plaintiff's remaining argument as he can raise it on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 3 day of July, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).